FILED

13 JUL 25 PM 1:19

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GAMETEK LLC, | CASE NO. 12-CV-2931 BEN (RBB) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA** |
| vs. | |
| CROWDSTAR INTERNATIONAL LIMITED; CROWDSTAR INC.; AND CROWDSTAR NETWORK, LLC, | [Docket No. 24] |
| Defendants. | |

Presently before the Court is a Motion to Transfer Venue to the United States District Court for the Northern District of California filed by Defendants Crowdstar International Limited, Crowdstar Inc., and Crowdstar Network, LLC (collectively, "Crowdstar"). (Docket No. 24.) For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

Crowdstar International Limited is an Irish corporation with its principal place of business in Dublin, Ireland. (Bourne Decl. ¶ 4.) Crowdstar Inc. is a Delaware corporation with its headquarters and principal place of business in Burlingame, California. (*Id.* ¶ 5.) Crowdstar Network, LLC is a Delaware limited liability corporation with its principal place of business in Burlingame, California. (*Id.* ¶ 6.)

Plaintiff GameTek, LLC is a California limited liability company with its principal place of business in Newport Beach, California. (Haynes Decl. ¶ 2.) GameTek filed a Complaint against Crowdstar on December 10, 2012, alleging infringement of U.S. Patent No. 7,076,445 (the '445 Patent). (Docket No. 1.)

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In deciding whether to transfer an action under § 1404(a), a court must determine: (1) whether the transferee district is a district in which the action "might have been brought," and (2) whether the action should be transferred for purposes of convenience, judicial economy, or in the interest of justice. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

### I.  WHERE THE ACTION "MIGHT HAVE BEEN BROUGHT"

The parties agree that the present suit might have been brought in the Northern District of California. (Mot. at 8; Opp. at 6-7.)

### II.  CONVENIENCE, JUDICIAL ECONOMY, AND THE INTEREST OF JUSTICE

Next, the Court must determine whether the "convenience of the parties and witnesses" and the "interest of justice" compel transferring venue. Factors relevant to that determination include:

> (1) the plaintiff's choice of forum, (2) convenience to the parties, (3) convenience to the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) the feasability of consolidation with and relationship to other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Albertson v. Monumental Life Ins. Co.*, No. C-08-05441, 2009 WL 3870301, at *1 (N.D. Cal. Nov. 16, 2009) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)).

### A. Plaintiff's Choice of Forum

GameTek's choice of the Southern District as the forum is entitled to deference. However, courts have held that when a plaintiff brings suit in a jurisdiction that is not its location of residence and lacks significant connection to the alleged infringement, the deference is substantially reduced. *See Inherent v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006). GameTek is not located in the Southern District, and this forum lacks significant connection to the alleged infringement involving Crowdstar. Therefore, while some deference is accorded to GameTek's choice of forum, this factor only slightly favors retaining this action in the Southern District.

### B. Convenience to the Parties

Crowdstar has no significant contacts with the Southern District. All of Crowdstar's offices are located in either Burlingame, in the Northern District, or Dublin, Ireland. (Bourne Decl. ¶ 8.) None of the accused products was developed or run out of the Southern District; rather, most of the accused products were designed and developed in Burlingame. (*Id.* ¶¶ 9, 14.) As discussed below, the majority of Crowdstar witnesses will be from the Northern District.

Similarly, GameTek lacks any significant contact with the Southern District. GameTek's only place of business is located in the Central District. (Haynes Decl. ¶ 2.) As discussed below, the only two employees that GameTek lists in its Initial Disclosures who may have relevant information are located in the Central District. (Gaedt Decl., Exh. C.) In addition, the prosecuting attorneys of the '445 Patent and the alleged inventor are located outside of the Southern District, and their attendance would be equally inconvenient whether the case was tried in the Southern or Northern District. (*Id.*) Because the costs and inconvenience to GameTek would not be significantly increased given a transfer, but the costs and inconvenience to Crowdstar would be significantly reduced, this factor weighs in favor of transfer.

### C. Convenience to the Witnesses

The convenience to the witnesses favors transfer to the Northern District. "To show inconvenience to witnesses, the moving party should state the witnesses' identities, locations, and content and relevance of their testimony." *Meyer Mfg. Co. Ltd. v. Telebrands Corp.*, No. CIV. S–11–3153, 2012 WL 1189765, at *6 (E.D. Cal. Apr. 9, 2012). "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (internal quotation marks omitted).

Based on the parties' Initial Disclosures, most of the witnesses in this action will be from the Northern District. Crowdstar identifies two employees as potential technical witnesses who may testify "regarding the development, functionality, operation, finance, and marketing of the accused products." (Bourne Decl. ¶ 11.) Both are located in the Northern District. (*Id.*) In addition, several relevant Facebook employees who have knowledge of Facebook's interactions with Crowdstar are likely located at the headquarters of Facebook—Menlo Park, California. (*Id.* ¶ 17.) On the other hand, GameTek lists only two employees in its Initial Disclosures who may have relevant information, and they are both located outside of the Southern District, in the Central District. (Gaedt Decl., Exh. C.)

Both parties agree that other relevant witnesses—including the inventor of the '445 Patent and the attorneys who prosecuted the '445 Patent—are all located outside of California, and their attendance would be equally inconvenient whether the case was tried in the Southern or Northern District. (*Id.* ¶ 14, Exh. C.) Accordingly, this factor weighs in favor of transfer.

### D. Ease of Access to the Evidence

Ease of access to the evidence favors transfer to the Northern District. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs

in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (internal quotation marks omitted).

Because Crowdstar's headquarters and offices most related to the accused products are located in the Northern District or out of the country, most of Crowdstar's computers, servers, source code, and other documentation are either located in, or can be most easily accessed from, within the Northern District. (Bourne Decl. ¶¶ 4-6, 8, 14.) Crowdstar does not maintain any records, servers, offices, employees, or operations relevant to the accused products in the Southern District. (*Id.* ¶¶ 8, 9, 14.) Moreover, any allegedly infringing actions related to the accused products likely occurred outside of the Southern District because none of the games at issue are operated in the Southern District. (*Id.* ¶ 9.) In addition, many non-product specific activities, such as activities related to payments, are primarily performed in the Northern District. (*Id.* ¶ 18.)

First, GameTek argues that because all of its documents are in Newport Beach, the Southern District is more convenient in terms of ease of access to evidence. Newport Beach is not located in the Southern District, but rather in the Central District. In addition, as a non-practicing entity, GameTek is unlikely to have a large number of documents to produce.

Second, GameTek argues that the majority of documents in this action will be exchanged electronically, and since electronic files are easily transportable, no additional burden would be incurred upon Crowdstar if the venue remains in the Southern District. This does not weigh against transfer. "Although it is true that given technological advances in document storage and retrieval, transporting documents between districts does not generally create a burden, it is no less true that litigation should proceed where the case finds its center of gravity." *Tessenderlo Kerley, Inc. v. D&M Chem., Inc.*, No. C 11-03955, 2011 WL 5362080, at *3 (N.D. Cal. Nov. 7, 2011) (internal quotation marks, alteration, and citation omitted); *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008). The center of gravity of this dispute is

likely where Crowdstar is located, which is the Northern District. Accordingly, ease of access to the evidence weighs in favor of transfer.

### E.   Feasibility of Consolidation

Feasibility of consolidation is neutral. There are related cases pending in both the Southern and Northern Districts. GameTek has brought suit against other defendants in this Court, asserting the same patent. On the other hand, five other cases involving the same patent—*GameTek LLC v. Gameview Studios, LLC*, Case No. 12-CV-499, *GameTek LLC v. Electronic Arts Inc.*, Case No. 12-CV-2927, *GameTek LLC v. Funzio, Inc.*, Case No. 12-CV-2928, *GameTek LLC v. Zynga Inc.*, Case No. 12-CV-02933, and *GameTek LLC v. RockYou, Inc.*, Case No. 12-CV-2936—have been transferred to the Northern District. In addition, a motion to transfer venue to the Northern District has been filed in one other related case—*GameTek LLC v. Cie Games, Inc.*, Case No. 12-CV-2930. At least five related actions, therefore, will be litigated in the Northern District, meaning that a judge in the Northern District will be familiar with the claims, prior art, and patent at issue here.

GameTek argues that Crowdstar improperly delayed filing the present Motion to Transfer for five months. At the time the Motion to Transfer was filed, Crowdstar had yet to serve its invalidity contentions and the parties had yet to begin the claim construction process. In addition, GameTek is a non-practicing entity, meaning that it will not lose sales proceeds during the pendency of this action and any damages to which it is entitled may be adequately compensated at a future date. Thus, GameTek will not be unduly prejudiced. Accordingly, this factor is neutral.

### F.   Local Interest in the Controversy

The local interest in the controversy favors transfer to the Northern District. As stated above, Crowdstar's headquarters and other offices are located in the Northern District and internationally. (Bourne Decl. ¶¶ 4-6.) Crowdstar has no offices in the Southern District. (*Id.* at ¶ 8.) In addition, none of the accused products were developed or run in the Southern District. (*Id.* at ¶ 9.) Consequently, the majority of

employees familiar with the accused products and those most likely to be affected by this litigation, are located in the Northern District. The Northern District has a strong local interest in deciding this action.

On the other hand, the Southern District has no relation to the parties or the alleged harm in this case. Therefore, the Southern District has no local interest in deciding this matter. Indeed, GameTek concedes that the Northern District has a greater local interest in this matter than the Southern District. (Opp. at 16.) Accordingly, this factor favors transfer.

### G. Remaining Factors

The remaining factors—familiarity of each forum with the law and court congestion and time to trial—are either neutral or slightly favor transfer. First, because the governing law is federal patent law, the Southern and Northern Districts are equally situated to decide the applicable legal issues. *See TS Tech*, 551 F.3d at 1320. Second, the relative congestion of the dockets and speed of disposition weigh slightly in favor of transfer. (*See* Gaedt Decl., Exh. O (showing that the median time from filing to disposition of civil cases through trial was 30.3 months in the Southern District compared to 25.3 months in the Northern District in 2011).)

In light of the above, the Court finds that the convenience to the witnesses, convenience to the parties, ease of access to evidence, and local interest in the controversy outweigh the plaintiff's choice of forum and compel transferring venue to the Northern District.

## CONCLUSION

Accordingly, Crowdstar's Motion to Transfer Venue is **GRANTED**. This action is **TRANSFERRED** to the United States District Court for the Northern District of California.

**IT IS SO ORDERED.**

DATED: 7/24/13

HON. ROGER T. BENITEZ
United States District Judge