Steven D. Moore, SBN 290875
smoore@kilpatricktownsend.com
KILPATRICK, TOWNSEND & STOCKTON LLP
Eighth Floor, Two Embarcadero Center
San Francisco, CA, 94111
Telephone: (415) 273-4741
Facsimile:  (415) 651-8510

Wab P. Kadaba (*pro hac vice*)
wkadaba@kilpatricktownsend.com
Vanessa M. Blake (*pro hac vice*)
vblake@kilpatricktownsend.com
Rodney R. Miller (*pro hac vice*)
rmiller@kilpatricktownsend.com
KILPATRICK, TOWNSEND & STOCKTON LLP
Suite 2800
Atlanta, GA, 30309
Telephone: (404) 532-6959
Facsimile: (404) 541-3258

Attorneys for CrowdStar International Limited,
CrowdStar Inc., and CrowdStar Network, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GAMETEK LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>CROWDSTAR INTERNATIONAL LTD, CROWDSTAR, INC., and CROWDSTAR NETWORK, LLC,<br><br>            Defendants. | Case No. 3:13-CV-03493-RS<br><br>**DECLARATION OF STEVEN MOORE IN SUPPORT OF CROWDSTAR'S MOTION FOR ATTORNEYS' FEES** |

I, Steven Moore, do hereby declare as follows:

1. I am a partner with the law firm of Kilpatrick, Townsend & Stockton LLP, which is counsel for Defendants CrowdStar International LTD, CrowdStar, Inc., and CrowdStar Network, LLC (collectively, "CrowdStar"). I am admitted to practice in the State of California. I submit this declaration in support of CrowdStar's Motion for Attorneys' Fees. I have knowledge of the facts in this declaration, and if called as a witness I could and would testify competently thereto.

2. Kilpatrick, Townsend & Stockton LLP's representation of CrowdStar started on October 2, 2013.

3. Pursuant to Local Rule 54-5(b)(1), I provide the following statement. As counsel for CrowdStar, I have knowledge that Vanessa Blake, an associate with Kilpatrick, Townsend & Stockton LLP, met and conferred with John Edmonds, counsel for plaintiff GT Gaming f/k/a Gametek LLC on Monday, June 23. Ms. Blake informed me that, during the meet and confer, she attempted to resolve any disputes with respect to CrowdStar's Motion for Attorneys' Fees. Ms. Blake also informed me that GT's counsel did not dispute that CrowdStar is a prevailing party under § 285 but does oppose CrowdStar's motion.

4. Pursuant to Local Rule 54-5(b)(2), I provide the following statements. CrowdStar seeks fees for Kilpatrick, Townsend & Stockton LLP attorneys Larry McFarland, Vanessa Blake, Rodney Miller, Wab Kadaba, Elizabeth Conlin, and myself, and paralegals Bruce Nelson and Susie Moore. Generally, the fees and expenses related to (1) responding to GT's discovery requests, (2) preparing for claim construction as required by the case schedule, and (3) asserting a motion for judgment on the pleadings, which the Court granted in favor of CrowdStar. The attorneys provided legal advice and work such as researching legal issues, drafting briefs, preparing for and arguing motion at hearings, responding to GT's discovery requests, communicating with opposing counsel, and preparing for depositions of CrowdStar witnesses. The paralegals provided litigation support such as e-filing documents and preparing documents for depositions and other discovery.

5. Pursuant to Local Rule 54-5(b)(2), I provide the following statement. Kilpatrick, Townsend & Stockton LLP has strict time-recording policies in place. All persons regularly recorded their time via their personal computers (or using the services of support personnel) using an industry-standard legal case management time-recording software as required by firm policy. Our firm policy requires a thorough review of the invoices for fees and expenses to confirm each entry reflects appropriately-charged time before sending to CrowdStar. Then, an in-house counsel at CrowdStar reviewed the fees and expenses.

6. Pursuant to Local Rules 54-5(b)(2) and 54-5(b)(3), I provide the following statement.

| Name | Relevant qualifications and experience | Customary hourly charge to CrowdStar | Time spent (hours) |
|---|---|---|---|
| Rodney Miller | 5 years practicing patent litigation and admitted to practice before the U.S. Patent Office | $375 | 173.77 |
| Vanessa Blake | 10 years practicing patent litigation and admitted to practice before the U.S. Patent Office | $475 | 141.52 |
| Larry McFarland | 28 years practicing intellectual property litigation | $625 | 7.97 |
| Steven Moore | 18 years practicing patent litigation | $615 | 6.5 |
| Wab Kadaba | 17 years practicing patent litigation and admitted to practice before the U.S. Patent Office | $615 | 25.22 |
| Bruce Nelson | 24 years of experience in litigation, including 13 years in patent litigation | $270 | 34.83 |
| Susie Moore | 25 years of experience in litigation, including 10 years in patent litigation | $270 | 2.7 |
| Elizabeth Conlin | 18 years of experience in litigation, including 8 years in patent litigation | $205 | 16.9 |

7. CrowdStar joined with Defendants Funzio, Inc., Funzio USA, Inc.,[1] and GREE International, Inc. in a joint defense group to share some costs such as attorney fees. The monthly bills would be split equally among the joint defense group members on certain joint matters. The distribution is reflected in the award that CrowdStar seeks in this motion, meaning that CrowdStar is

---

[1] Funzio USA, Inc. was recently dissolved as part of the acquisition of Funzio, Inc. by GREE International, Inc.

only seeking fees it actually paid (and not the share paid by other companies in the joint defense group).

8. I have knowledge of billing rates of our competitor law firms based public information available, and the billing rates here are within the industry-standard range for the type of services provided.

9. True and correct copies of redacted invoices for Kilpatrick, Townsend & Stockton LLP to CrowdStar, which include the fees with daily time entry descriptions that CrowdStar incurred in defending against GT Gaming's allegations, are attached as Exhibit A. CrowdStar has paid and is current on all fees requested in the attached invoices. CrowdStar is only seeking fees it actually paid.

10. Pursuant to Fed. R. Civ. P. 54(d)(2)(B), CrowdStar seeks the amount of $170,472.40 in fees it has paid to date for the period covering Kilpatrick, Townsend & Stockton LLP's representation of CrowdStar. In addition to the fees paid to date, CrowdStar also incurred fees in excess of $28,000 with respect to bringing this motion, for a total fee amount of $198,472.40.

11. In a letter from GT's counsel to CrowdStar's counsel dated April 16, 2014, GT threatened to seek sanctions against CrowdStar for failing to produce 37 categories of documents, many of which were not in their 16 Requests for Production. Some of the information requested in the April 16, 2014 letter had already been produced by CrowdStar. Specifically, CrowdStar had already produced all requested financial information and made the source code for the accused games available for inspection. A number of requested information noted in April 16, 2014 letter could be obtained from an inspection of the available source code. GT did not inspect the available source code for the accused games during Kilpatrick, Townsend & Stockton LLP's representation of CrowdStar.

12. Exhibit 38 to CrowdStar's Motion for Attorneys' Fees is a true and correct copy of the 30(b)(6) notice sent by GT.

13. Exhibit 39 to CrowdStar's Motion for Attorneys' Fees is a true and correct copy of a letter dated April 16, 2014 sent by GT's counsel.

14. Exhibit 40 to CrowdStar's Motion for Attorneys' Fees is a true and correct copy of the GT's First Interrogatories and Requests for Production to CrowdStar.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 30, 2014						By: /s/Steven Moore

							Steven Moore

US2008 5754255 3